ABRAM B. CONGER AND MARY R. McCREA CONGER, HIS WIFE, APPELLANTS, *v.* SARAH M. DURYEE, IMPLEADED, ETC., RESPONDENT.

*Action of ejectment — recovery of possession by the plaintiff, under a judgment which is reversed on appeal — right of the defendant to be placed in possession again — Code of Civil Procedure, sec. 1529.*

APPEAL from a judgment in favor of the defendant, entered on a verdict directed by the court.

This was an action of ejectment to recover the possession of certain premises described in the lease set forth in the complaint. The respondent was in possession as assignee of the lease. On a former trial the plaintiffs recovered judgment, in conformity to which the respondent, who was then in possession, surrendered possession to the plaintiff, but on appeal the judgment was reversed and a new trial ordered. On the new trial the plaintiffs appeared and made no proof, but conceded that under the decision of the Court of Appeals in this case (90 N. Y., 594) they had no cause of action and asked leave to submit to a nonsuit. The defendant insisted on the defense stated in her supplemental answer in order that she might be restored to possession, and the court permitted her to prove the facts showing that she was in possession as assignee and had surrendered possession under the judgment, and although the terms of the lease had expired she still had a right to the possession of the premises until the buildings erected thereon, in accordance with the provisions of the lease, should have been paid for by the plaintiff, etc. To this ruling, and to the proof given under it, the plaintiffs duly excepted. At the close of the evidence the court directed a verdict for the defendant, upon which the judgment now appealed from has been entered.

The court at General Term said: "We see no reason to question the correctness of the ruling of the court in holding that the plaintiff, by submitting to the nonsuit, could not deprive the defendant of the right to show the facts entitling her to a restitution of possession. The plaintiff offered in evidence two mortgages made by Jacob Duryee, the original lessee of the term created by the lease, for the purpose of showing that liens existed upon the term

created by such mortgages. The court excluded them as immaterial, and the ruling excluding them was plainly right. Upon the verdict rendered the defendant was entitled, under section 1529 of the Code of Civil Procedure, to a judgment awarding her restitution of the possession of the property and execution thereupon for the delivery of possession to her. (*Carleton* v. *Darcy*, 75 N. Y., 377 ; *Martin* v. *Rector*, 28 Hun, 409.) If the judgment had been limited to such restitution as is directed by the Code, there would, we think, be no cause of complaint. But in addition to that it contains an adjudication which may perhaps be embarrassing to the plaintiffs, or persons holding under them, in the future pursuit of their rights and remedies. That provision is as follows : It is ordered and adjudged that the said defendant Sarah M. Duryee, as assignee of the lease referred to in the said amended and supplemental answer herein, recover of the plaintiffs Abram B. Conger and Mary Rutgers McCrea Conger, and each of them, and all persons holding under them or claiming to hold under them subsequent to the commencement of this action, the possession of the premises described in said complaint. And it then proceeds to adjudge restitution and execution therefor as provided by the Code. We are of opinion that this judgment of recovery of possession is not necessary to the purpose of restitution of possession, but may perhaps be embarrassing hereafter as establishing some rights against the plaintiffs or the owners of the fee under them, embarrassing to the prosecution of their legal claims.

" We think the judgment ought to be modified by striking out the portion quoted, leaving it to stand simply as a judgment of restitution to possession, and as so modified the judgment should be affirmed ; but as the appeal was not taken on this ground, nor is this modification suggested by the points, we think the respondent should have costs."

*James A. Seaman*, for the appellant.

*C. Norwood*, for the respondent.

Opinion by DAVIS, P. J. ; BRADY and DANIELS, JJ., concurred.

Judgment modified as directed in opinion, and as modified affirmed, with costs to respondent.